**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN MAHWIKIZI, | |
| Plaintiff, | No. 22 C 3680 |
| v. | Judge Thomas M. Durkin |
| UBER TECHNOLOGIES, INC. AND RASIER, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Justin Mahwikizi brought this *pro se* action against Uber Technologies, Inc. and its subsidiary Rasier, LLC (collectively, "Defendants"), alleging various claims related to Uber's mask-wearing policy and classification of drivers as independent contractors. On March 6, 2023, the Court granted Defendants' motion to compel arbitration and stay proceedings pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2-4 ("FAA"). *See* R. 31. Mahwikizi now moves for reconsideration, urging the Court to dismiss rather than stay the case. *See* R. 32. For the following reasons, Mahwikizi's motion is denied.

### Legal Standard

Because this Court's prior ruling did not dispose of this case in its entirety, the motion to reconsider is governed by Federal Rule of Civil Procedure 54(b). "Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was clearly erroneous and would work a manifest injustice." *Duminie v. Ne. Reg'l Commuter R.R. Corp.*, No. 17-CV-3030, 2020 WL 4505831, at *2

1

(N.D. Ill. Aug. 5, 2020) (citations omitted). Rule 54(b) motions to reconsider "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Turner v. M.B. Fin. Bank*, No. 14-cv-9880, 2018 WL 1920195, at *2 (N.D. Ill. Apr. 23, 2018) (citation omitted). For relief under Rule 59(e), a movant "must clearly establish a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A motion to reconsider may not merely "make arguments that could have been previously made but were not." *Prayitno v. Nextep Funding LLC*, No. 17 C 4310, 2021 WL 10280226, at *1 (N.D. Ill. Jan. 13, 2021) (citations omitted). A movant "bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances." *Duminie*, 2020 WL 4505831, at *2 (citations omitted).

## Discussion

Mahwikizi argues that this Court should have dismissed the case, not stayed the case pending arbitration. But he does not clearly establish any manifest error of law or fact or any other basis for such relief.

At the outset, the Court's issuance of the stay is wholly consistent with the FAA. Section 3 of the FAA provides that if an agreement is governed by a valid arbitration provision, the Court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3 (emphasis added); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("As the Court has noted on numerous occasions, the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.")

2

(citations omitted). Here, Defendants requested a stay in moving to compel arbitration. *See* R. 17 at 14. Thus, issuing a stay was the proper course under the plain language of the FAA.

In his reply, Mahwikizi contends that the Court made an error of law in failing to exercise its discretion to dismiss under Federal Rule of Civil Procedure 12(b)(3), citing *Saxon v. Southwest Airlines*, No. 19-cv-0403, 2019 WL 4958247 (N.D. Ill. Oct. 8, 2019). By raising this argument for the first time in his reply brief, he waives it. *See Larkin-Gordon v. Ortho-McNeil-Janssen Pharm., Inc.*, 295 F. App'x 817, 818 (7th Cir. 2008) (citing *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005)) ("[A]rguments raised for the first time in a reply brief are waived.").

But even if he had not waived the argument, it lacks merit. Defendants here did not move for dismissal under Rule 12(b)(3) or any other rule. They moved to compel arbitration and requested a stay pending that arbitration pursuant to 9 U.S.C. § 3. *See Thomas v. Fiserv Inv. Servs., Inc.*, No. 14-CV-6526, 2015 WL 1282411, at *3 (N.D. Ill. Mar. 18, 2015) (holding that a stay pending arbitration rather than a dismissal was appropriate because defendant moved to stay under the FAA, not to dismiss under Rule 12(b)(3)). That is what makes this case different than *Saxon*, where the defendant moved for dismissal under Rule 12(b)(3) and requested a stay in the alternative. 2019 WL 4958247, at *2. It is true that "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." *Faulkenberg v. CB Tax Franchise Sys.,*

3

*LP*, 637 F.3d 801, 808 (7th Cir. 2011); *see also Ferenc v. Brenner*, 927 F. Supp. 2d 537, 542 (N.D. Ill. 2013) (converting motion to compel arbitration into a motion to dismiss for improper venue because the contract mandated arbitration in California). But Mahwikizi does not argue that the arbitration provision at issue requires arbitration outside this District. Nor does the language of the arbitration provision support such an argument. *See* R.17-1 at 13 ("For claims involving use of the Platform and Driver App outside California: The parties shall be required to meet and confer to select a neutral arbitration provider. Such an arbitration provider shall have operations in the state in which the dispute arises.").

Mahwikizi's argument for dismissal is essentially that forcing him to arbitrate is unfair. He emphasizes what he claims will be exorbitant costs of arbitration as compared to the cost of an appeal and accuses the arbitration forum of bias against "consumers." *See* R. 32 at 2. Neither of these arguments has merit or is a basis for reconsideration.

To begin, Mahwikizi could have raised such arguments in response to Defendants' motion to compel arbitration. Defendants clearly requested a stay of the proceedings and cited the relevant authority for that request. *See* R. 17 at 14. Mahwikizi could have contested the stay in his response brief, but he declined to do so. *See Prayitno*, 2021 WL 10280226, at *1 ("A motion to reconsider may not merely . . . make arguments that could have been previously made but were not.") (citations omitted).

Further, Mahwikizi is mistaken as to the costs of arbitration. While he claims that arbitration would result in costs that are ten times greater than the costs of remaining in federal court, the Platform Access Agreement ("PAA"), which contains the arbitration provision at issue, indicates otherwise. The PAA provides that *Defendants* will pay "the arbitrator's fees" and "any costs uniquely associated with arbitration" and that that Mahwikizi's "portion of any initial arbitration filing fee shall not exceed the amount [he] would be required to pay to initiate a lawsuit in federal court[.]" R. 34-1 at § 13.6. Mahwikizi apparently does not trust the plain language of the PAA. He cites a news article related to a suit brought by Uber against the American Arbitration Association ("AAA"), which notes a fee schedule for claims brought by Uber Eats customers challenging Uber's policy of waiving delivery fees for certain restaurants but not others. R. 34-2. But that fee schedule is for fees that *Uber* owes the AAA, and regardless, that entirely separate case has no relevance here.

Moreover, Mahwikizi offers no support for his assertion that the arbitration forum will be biased against him. It is not at all clear how any alleged bias against "consumers," to the extent there is any, would impact Mahwikizi who is a former Uber driver. In sum, Mahwikizi has not shown that this Court's issuance of a stay pending arbitration was clearly erroneous or would work a manifest injustice.

## Conclusion

For the foregoing reasons, Mahwikizi's motion to reconsider the Court's March 6, 2023 order staying the case pending arbitration is denied.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2023